**People of the State of Illinois, Plaintiff-Appellee, v. Charles R. Brown, Defendant-Appellant.**

**Gen. No. 11,012.**

Fourth District.

March 24, 1969.

Glenn O. Fuller, Assistant Public Defender, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (Milo J. See, Jr., Assistant State's Attorney, of counsel), for appellee.

SMITH, J.

Found guilty by a jury on one count charging aggravated incest and a second count charging indecent liberties with a child, the defendant was sentenced on the second count to a term of 12 to 20 years in the penitentiary. In this court, he seeks only a reduction of the sentence. The sentencing judge was the trial judge and evidence in aggravation and mitigation was waived by both sides. The trial evidence is the only evidence from which the trial court could determine a proper sentence.

The evidence consisted of the testimony of the mother, a thirteen-year-old daughter, who was the victim, and the defendant. The defendant denied everything, but did admit that he had inserted his finger into his daughter's vagina on one occasion to determine whether or not she was a virgin. The jury believed the testimony of the mother and daughter that upon at least two occasions the defendant had sexual intercourse with the daughter and on some fifteen to thirty occasions had fondled her breasts and privates. He admitted that he frequently was unclothed in the presence of the other four children whose ages range from a six-year-old daughter to the thirteen-year-old victim. He denied that he was the father of any of the children, but stated that he knew whose they were. This record discloses either a shocking disregard for the truth or a densely polluted moral atmosphere in the home.

In this atmosphere, the defendant argues that the record fails to show any previous engagement in this kind of conduct prior to 1967 either in or out of his family or the prior conviction of any criminal offense and that the evidence of guilt is less than overwhelming. Thus he states that the sentence with a minimum of 12 and a maximum of 20 is excessive. Under Ill Rev Stats, c 110A, § 615 (Supreme Court Rule 615(b)(4)), a reviewing court has the power to reduce the punishment imposed by the trial court. Under Ill Rev Stats 1967, c 38, § 1–7(g), it is provided that for the purpose of determining sentence, the court shall consider the evidence, if any, received upon the trial and shall also hear and receive evidence, *if any*, as to the moral character, life, etc., and may consider such evidence in aggravation or mitigation of the offense. In People v. Nelson, 41 Ill 2d 364, 243 NE2d 225, it was held that the phrase "if any" contemplates the possibility of a waiver of hearing in mitigation by the defendant and further states that

the burden of presenting mitigating circumstances falls upon the defendant and it is he who must make a substantial showing in order to justify a reduction of sentence on review. The defendant here affirmatively and squarely waived that right. Therefore here, as in Nelson, the propriety of the sentence must be based upon the present record.

The statute on indecent liberties with a child, Ill Rev Stats, c 38, § 11–4, provides for a penitentiary sentence with a minimum of 4 and a maximum of 20 years. We would point out that the 4-year minimum suggests legislative unhappiness with this type of crime. We may judicially notice that this legislative declaration of public policy suggests more than a "powder puff" approach to defendants guilty of such a crime. The philosophy that the hope of an early release may furnish a correct incentive to a prisoner to comply with a rehabilitation program of modern penal institutions does not open the door for us to undermine the legislative public policy as to length of sentence. People v. Taylor, 35 Ill2d 341, 220 NE2d 165, reminds us that the authority granted by Rule 615 should be applied with considerable caution and circumspection. Nelson requires the defendant by a substantial showing to justify a reduction of sentence on review. In People v. Smith, 62 Ill App2d 73, 210 NE2d 574, it is pointed out that if the defendant has been of good moral character and his past life exemplary or if there are extenuating circumstances, family history, educational background, health or occupational history which might favorably affect the punishment about to be imposed, the defendant should be eager to make it known to the trial court. It was there further stated that it is the responsibility of the defendant to put such material before the trial court and thus in the record for our benefit on review. There is nothing in this record that suggests that we should interfere with

the sentence of the trial court and the judgment must thus be affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.