THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES R. BROWN, Defendant-Appellant.

(No. 11681;

Fourth District—February 7, 1972.

Matthew J. Moran, of Defender Project, of Chicago, (Kenneth L. Gillis, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield and Basil G. Greanias, State's Attorney, of Decatur, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant, Charles R. Brown, was tried before a jury, convicted on one count charging aggravated incest, and on a second count which charged indecent liberties with a child, his thirteen-year-old daughter. He was sentenced, only on the second count, to an indeterminate term of twelve to twenty years. He was represented, during the trial, by the Public Defender. He was also represented by the Public Defender in his subsequent appeal to this Court in which the only issue raised was excessiveness of the sentence, and the judgment of the trial court was affirmed by us in *People v. Brown*, 107 Ill.App.2d 406, 246 N.E.2d 61. Defendant then filed, *pro se*, a postconviction petition; counsel other than the Public Defender was appointed and an amended petition was filed. The substantive allegations of the amended petition are contained in paragraph 5 thereof which was subdivided into three subparagraphs lettered A, B, and C. The trial court dismissed points A and C, and defendant does not appeal from that order. Sub-paragraph B alleged that the defendant's court appointed counsel "* * * was so incompetent as to deny him his constitutional right to assistance of effective counsel." On this issue the defendant was afforded an evidentiary hearing following which the trial court denied the petition. It is from that order that this appeal is taken.

■■ Defendant's contentions as to incompetency of counsel are threefold. He first urges that counsel failed to object to Peoples' Instruction Number 12 which defined the crime of indecent liberties with a child, and that objection should have been made because the instruction omitted that portion of the statutory language which reads "* * * with the intent to arouse or to satisfy the sexual desires of either the child or the person or both." (Ill. Rev. Stat. 1967, par. 11—4(3), ch. 38.) Only People's Instruction Number 12 has been abstracted. The Supreme Court of this State has made the applicable rule in this connection abundantly clear. "* * * we have repeatedly held that an assignment of error dealing with the instructions to the jury will not be considered where all of the instructions are not set forth in the abstract. We therefore do not consider this assignment of error." (*People v. Brown*, 25 Ill.2d 423, 427, 185 N.E.2d 161; also see *People v. Allen*, 17 Ill.2d 55, 64, 160 N.E.2d 818, and the cases therein cited.) We will, therefore, not consider the matters endeavored to be raised with reference to the instruction.

Secondly, defendant urges that counsel's incompetency was demonstrated by his waiver of the fourth term statute. (Ill. Rev. Stat. 1967, par. 103—5, ch. 38,) It appears from the testimony adduced at the evidentiary hearing on the postconviction petition, and from the remarks of the judge who presided at that hearing, that the indictment in this case was

returned by the grand jury on January 26, 1968. From this point on the precise chronology of events is impossible to ascertain from the record before us. For example, defendant's brief states that the motion for a continuance was made "* * * on the 118th day of defendant's custody", but nowhere in the record before us does the date of his arrest appear. The brief also states that counsel was appointed on January 29, 1968, and counsel so testified; on the other hand the judge indicated during the hearing, that the record showed that counsel had been appointed on some date prior to arraignment which appears to have been had on January 29, 1968. The order appointing counsel is not a part of this record.

It appears that the original trial date had been set for February 26, 1968, and the parties are in agreement that sometime between February 13th and February 26th, the 120 day rule would have entitled defendant to discharge had he not been tried nor continuance granted (Ill. Rev. Stat. 1967, par. 103—5, ch. 38), If we take defendant's statement as fact, the 120th day of incarceration would have occurred on February 15th. Again, the precise chronology of events in connection with the here complained of motion for continuance is impossible to ascertain from the record before us. Counsel testified that he was aware that there was a possibility that he might be able to secure discharge of the defendant under the 120 day rule, went to the jail and communicated this fact to the defendant, and cautioned him not to mention the possibility to any-one for fear that the circumstances might be relayed to the State's Attorney's office through the jail house "grapevine". A short time later counsel was contacted by the State's Attorney who was, in fact, aware of the 120 day problem, and had had the trial date rescheduled to February 13th. Counsel further testified that he conveyed this information to defendant, and again on February 12th went to the jail, discussed the upcoming trial and the proposed motion for continuance with defendant. He testified that he had only had the case for fifteen days, that many other indictments had been returned by the same grand jury, that he had been appointed for counsel for defendants charged therein, that he had many cases set for trial on the February calendar and just could not adequately prepare defendant's case in the fifteen days available in view of his other obligations. He told the defendant that he was not fully prepared and that he preferred to move for a continuance back to the original trial date of February 26th, even though that meant a waiver of the 120 day rule, rather than go to trial on the 13th without adequate preparation. Defendant insists here that he objected to the continuance, but not in the court room. What transpired during the hearing on the motion for continuance on February 13th is not included in the record before us, but it is clear from remarks of the judge, and from defendant's

own testimony that the motion was heard and allowed in open court, in defendant's presence, and that he made no objection. Counsel testified that defendant never objected to him concerning the motion, and his recollection was that defendant was in agreement with that course of action.

■■■ A post-conviction proceeding is civil in nature. (*People v. Harper,* 43 Ill.2d 368, 372, 253 N.E.2d 451; *People v. Clements,* 38 Ill.2d 213, 215, 230 N.E.2d 185; *People v. Alden,* 15 Ill.2d 498, 502, 155 N.E.2d 617.) The petitioner has the burden of proof. (*People v. Somerville,* 42 Ill.2d 1, 11, 245 N.E.2d 461.) The credibility of the witnesses in a post-conviction case is for the trier of fact and unless the record shows that the ruling of the trial judge was clearly erroneous, it should not be disturbed. *People v. Alden,* 15 Ill.2d 498, 502, 155 N.E.2d 617; *Davies v. The People,* 10 Ill.2d 11, 15, 139 N.E.2d 216; *People v. Harper,* 43 Ill.2d 368, 372, 253 N.E.2d 451.

There is an abundance of credible evidence that defendant not only was consulted with reference to the motion for continuance, but that he agreed that it should be sought.

■■ Inability of counsel, to be fully prepared for trial within a span of fifteen days, with other cases set for trial on the February calendar, confronted with the task of filing and arguing pre-trial motions, interviewing witnesses, together with discharging his other responsibilities as Public Defender, does not warrant the conclusion that he was incompetent in seeking a continuance.

Had counsel gone to trial on the 13th, he would no doubt be defending himself now for going to trial without insisting upon sufficient time in which to adequately prepare the defense of the case. His reasons for seeking the continuance were entirely reasonable and his course of action was, in our judgment, prudent.

We further note that defendant's disenchantment was late in manifesting itself, and actually surfaced in the form of contentions in the post-conviction petition after his appeal had been decided, and more than one year following his conviction. We also observe that following his conviction, defendant was admonished in open court of his right to appeal, to appointment of counsel on appeal, and of his right to a free transcript, and at that time after he indicated his desire to appeal. The Public Defender was appointed without objection by the defendant and indeed prosecuted the appeal.

Lastly, defendant urges that counsel's incompetence is established in that excessiveness of sentence was the only issue raised on appeal, and that he should have urged that the evidence was insufficient to establish guilt beyond a reasonable doubt.

■■ Bearing in mind that a verdict of guilty will not be disturbed on review on the ground that the evidence is not sufficient to convict, "* * * unless it is so palpably contrary to the verdict or so unreasonable, improbably or unsatisfactory as to justify the court in entertaining a reasonable doubt of the defendant's guilt." (*People v. Woodruff*, 9 Ill.2d 429, 434, 137 N.E.2d 809.) (Also see *People v. Mills*, 40 Ill.2d 4, 19, 237 N.E.2d 697.), we examine the record before us to determine whether defendant has established his contention with reference to the appeal.

Initially, we note that a logical method to be pursued in seeking to convince the trial court and us, that the evidence of defendant's guilt was so insufficient as to fall within the rule, or that the question was sufficiently close, so as to warrant the allegation of incompetency for failure to urge it on appeal, would be to present the evidence itself so that it could be considered. This, defendant did not do. Neither the common law record nor the report of proceedings are before us.

■■■ Instead, defendant relies on the fact that counsel included the point in his post-trial motion and argued it in the trial court, but did not urge it on appeal. This falls far short of establishing incompetency of counsel, and the burden is on the defendant. We do not know what the testimony of all the witnesses was.

Counsel was aksed, during the hearing:

Q. "Don't you think this would have been a good issue to ensue in the appeal as the verdict being against the manifest weight of the evidence?;"

and responded:

A. "I realize that there was a controversy, that there was a conflict in the testimony of the complaining witness and her mother, and I realize that the defendant testified that he did not and the other witnesses testified that he did, but I felt also that the evidence that had been produced by the prosecution was substantial enough that it was simply a matter of the trier of facts to decide who was telling the truth. And through prior cases, some of which I have appealed myself and many others which I have read, I felt that the Appellate Court was not going to reverse this case on a manifest weight of evidence because it was a matter for the jury to decide who was telling the truth."

The trial judge in denying the post-trial motion had ruled that there was sufficient evidence to sustain the verdict, and that it was purely a question for the jury.

While, as we have indicated, the transcript of the testimony of the witnesses was not made a part of this record and is not before us, we note the following language from the opinion of this Court on the

original appeal. *People v. Brown,* 107 Ill.App.2d 406, 408, 246 N.E.2d 61.

"The evidence consisted of the testimony of the mother, a thirteen-year-old daughter, who was the victim, and the defendant. The defendant denied everything, but did admit that he had inserted his finger into his daughter's vagina on one occasion to determine whether or not she was a virgin. The jury believed the testimony of the mother and daughter that upon at least two occasions the defendant had sexual intercourse with the daughter and on some fifteen to thirty occasions had fondled her breasts and privates. He admitted that he frequently was unclothed in the presence of the other four children whose ages range from a six-year-old daughter to the thirteen-year-old victim. He denied that he was the father of any of the children, but stated that he knew whose they were. This record discloses either a shocking disregard for the truth or a densely polluted moral atmosphere in the home."

■■ The record before us falls far short of establishing that defendant, at any stage of the proceedings in the trial court or during his original appeal, was deprived of effective assistance of counsel.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.