THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HUBERT DALE SMITH, Defendant-Appellant.

(No. 72-30;

Second District—September 28, 1972.

William A. Cain, of Chicago, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (Galyn W. Moehring, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Hubert Dale Smith appeals from the denial of his post-conviction petition after an evidentiary hearing. He contends that his court appointed counsel, in the jury trial in which he was convicted of the murder of a child, was incompetent. The State contends that the evidence is insufficient to prove incompetence of counsel; and that defendant's direct appeal on a full record (affirmed in 108 Ill.App.2d 172, (1969) ) precludes him from now claiming errors in the record which he could have raised on appeal.

■■ Defendant had private counsel on appeal and the allegations of incompetence based on the record could have been raised, so that we would be justified in applying the waiver doctrine. (See *People v. Collins* (1968), 39 Ill.2d 286.) However, the State did not raise this issue below and participated without objection in the evidentiary hearing. Therefore, we have considered this appeal on its merits.

■■ Before we may conclude that the representation of defendant at trial was of the quality which deprived him of constitutional due process, petitioner must clearly establish actual incompetence of counsel, and substantial prejudice without which the outcome would probably have been different. *People v. Morris* (1954), 3 Ill.2d 437, 449; *People v. Stepheny* (1970), 46 Ill.2d 153, 157; *People v. Harper* (1969), 43 Ill.2d 368, 374.

Defendant has contended that a combination of alleged errors, principally but not exclusively evidentiary in nature, show the incompetence of counsel under these standards. We do not agree.

■■ Defendant has first urged that counsel failed to properly make a record of pre-trial publicity and to move for a change of venue. Counsel ostensibly sought to effect a change of place of trial under the section of the statute allowing a motion to dismiss when the venue is in another county. (Ill. Rev. Stat. 1967, ch. 38, sec. 114—1.) He sought to argue that this would have the same effect as a motion to change the place of trial (Ill. Rev. Stat. 1967, ch. 38, sec. 114—6), and would not require supporting affidavits. When the court properly denied the motion, counsel made an oral motion to change the place of trial but did not proceed further with it. At the post-conviction hearing counsel stated that he could not obtain the kind of affidavits which he knew from his experience that the court would require. He also stated that he knew the court's attitude to be that there was no county in northern Illinois in which a fairer trial could be had of the case than in Winnebago County, because of the size of the county and the diversity of its population. The court also confirmed this, stating that it would have denied the motion

even if it had been pursued. These proceedings did not clearly show either incompetence of counsel or that the outcome of a trial would have been different elsewhere.

■■ Similarly, there was no showing of incompetence in the selection of the jury although it included some jurors who had heard or read about the case. Counsel excluded six jurors peremptorily and challenged eight jurors for cause; and the record shows that every juror who sat on the case stated that he had formed no opinion as to the guilt or innocence of the accused and could return an impartial verdict.

■■ Defendant argues that counsel failed to object to hypothetical questions which erroneously assumed facts not then in evidence and which were not entirely hypothetical in form. These were asked of doctors who testified for the State for the purpose of establishing that the child's injuries could have resulted from a fall as defendant had related in his statement. The record discloses that counsel did object, although generally, and that his objections were overruled. In our view, no prejudice in fact occurred in the examination of the doctors taken together with the cross-examination.

■■ Petitioner also argues that counsel prejudiced his case when he introduced and continuously kept before the jury evidence of injuries suffered by the deceased some two weeks before the offense for which he was charged. The State sought to prove that defendant became angry when the two year old child of the woman he lived with would not go to sleep; and that he struck the child with such force as to cause injuries resulting in death. At the time the injuries were suffered, defendant had said that the child had accidentally fallen from his bed and that when defendant picked him up the child squirmed and again fell to the floor. The State produced testimony that the child's injuries were too severe to have been caused by such falls. Defense counsel sought to show that because of previous injuries, the child was more susceptible to suffering severe injuries from acts which ordinarily would not cause such injuries. The prior injuries were not established to have been caused by any prior offense. Far from being evidence of distinct offenses by defendant, these prior injuries were basic to the theory of the defense.

Defendant argues that his counsel should have presented the defense that the mother committed the acts upon the child. Petitioner and two others testified that they had told the defense counsel they heard the mother say that "she had to say that defendant did it or her daddy would kill her." However, counsel testified in his own behalf at the post-conviction hearing that he had developed no facts in his investigation indicating any real possibility that the mother had done it. All of the evidence adduced at the trial showed that the mother was out of the apartment

during the entire period when the injuries could have occurred. And in fact, when the defendant took the stand he did state in his defense that he had not struck the child and that the child's mother had committed the acts.

██ Defendant also charges that trial counsel believed him guilty and because of this abandoned him on the witness stand by asking only six meaningless questions. He says that counsel did this in spite of the fact that he had previously advised defendant that 96% of those who didn't take the witness stand were convicted, and that petitioner should decide in light of this whether to testify in his own defense. Counsel testified at the post-conviction hearing that the defendant admitted to him before trial that he had lied when he said he hadn't struck the child, and produced a statement signed by defendant to that effect. Counsel said petitioner also told him he would perjure himself on the stand and say he hadn't struck the baby; and not wanting to be a part of this, counsel merely invoked the statement that the defendant hadn't struck the child and did not pursue the issue with him further in his direct examination. However, the statements were elaborated upon during cross-examination during which the defendant asserted that the mother had committed the acts. From the whole record of the testimony of defendant at trial, it appears that he did present his desired defense.

██ Defendant also complains that counsel in his closing argument showed the jury a picture of the deceased which had been admitted in evidence for the limited purpose of identification. He does not argue that the photograph was prejudicial but complains that the remarks of the court, in criticizing counsel for showing an exhibit to the jury which had not been admitted for that purpose, contributed to the depriving him of a fair trial. We find no merit in the argument and cannot properly classify it as incompetence of counsel, in any event.

██ Defendant has also complained that the failure of counsel to object to instructions is further evidence of his incompetence. The only instruction which appears to demand comment is the one defining reasonable doubt similar to that later struck down in *People v. Cagle* (1969), 41 Ill.2d 528. The failure to object to this instruction, which long had been commonly assumed to be proper, is not strong evidence of incompetency of counsel. The entire record of the instructions and the conference on instructions does not support a charge of inadequate representation, amounting to incompetence.

The record also shows that counsel was appointed on August 17th, 1967; that he represented defendant at a preliminary hearing one week later; moved to dismiss the indictment; moved for a list of witnesses to the written statement given by defendant; had doctors perform psy-

512

chiatric and personality tests including an electroencephalogram; and moved for a continuance, moved for the suppression of evidence and written confessions, admissions and oral statements. At trial he objected often and strenuously. He moved for directed verdicts at the close of the State's case and again at the close of all the evidence. After the verdict of guilty he filed motions for a new trial and for a free transcript of the proceedings. He also represented defendant at the hearing in aggravation and mitigation. Further, the evidence at the post-conviction hearing showed that he had been a member of the Illinois Bar since 1931; was formerly an Assistant District Attorney and had also practiced privately; and that he had handled some fifty homicide cases, both as prosecutor and as defense attorney.

■■ A post-conviction proceeding is civil in nature, and the trial judge's determination must be upheld unless manifestly erroneous. (*People v. Rose* (1971), 48 Ill.2d 300, 303; *People v. Harper* (1969), 43 Ill.2d 368, 372.) *People v. De Simone* (1956), 9 Ill.2d 522, cited by defendant, presented an entirely different fact situation. There counsel showed lack of knowledge of basic criminal procedure in the rules of evidence resulting in almost a complete failure to develop a defense; failed to acquaint himself with the testimony of witnesses; failed to make a single objection in a long record; and presented what the court termed a "picture of utter futility".

■■ On the record before us, we cannot say that the trial court erred in concluding that the petitioner failed to satisfy his burden of proof on the post-conviction petition and we therefore affirm.

Judgment affirmed.

T. MORAN and GUILD, JJ., concur.