824

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANNY S. SCARPONI, Defendant-Appellant.

(No. 12199;

Fourth District—February 27, 1974.

*Rehearing denied April 3, 1974.*

Robert S. O'Shea, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (James W. Jerz and Thomas F. Sullivan, Jr., both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Danny S. Scarponi, was indicted on two charges for the offense of forgery in violation of Ill. Rev. Stat. 1971, ch. 38, sec. 17—3. Defendant, represented by an assistant public defender, Michael Costello, entered a plea of guilty to both of the charges pursuant to plea negotiations with the State's Attorney. Defendant was then sentenced to imprisonment for a term of four to eight years. This is an appeal from a denial by the trial judge after an evidentiary hearing of defendant's post-conviction petition filed pursuant to the post-conviction provisions of the Code of Criminal Procedure, Ill. Rev. Stat. 1971, ch. 38, sec. 122—1 *et seq.*

In his petition defendant asserts that during plea negotiations he was deprived of his constitutional right to the effective assistance of counsel because the trial judge denied defendant's counsel's motion to withdraw. Defendant further contended that he agreed to the negotiated recommendation because had he gone to trial he would not have been effectively represented and would have been subjected to the possibility of greater penalties.

The basis for defendant's contention is founded in a pretrial hearing on October 19, 1970, at which time defendant's counsel moved to withdraw from defendant's case because of a substantial disagreement with defendant's wife. The hearing concluded in relevant part as follows:

"Mr. Costello: However, your honor, I cannot, and I state this for the record, the allegations that were made as to the methods in which I was handling this case—I will not be able to deal effectively with the defendant or the defendant's wife in this case. I wish to—I ask leave to be—that my appearance as public defender be withdrawn, that one of the other public defenders be appointed.

Your honor, I suggest that, again, no malice was intended except I effectively—I state this to the Court—that I cannot deal now on an unemotional basis with either the defendant or the defendant's wife and it's going to seriously prejudice his rights to the effective use of counsel by continuing me on this case, your Honor. I have never asked this before. I ask to be—ask that the Court allow me to withdraw from the defense of Mr. Scarponi.

The Court: All right. That motion will be denied.

Mrs. Scarponi: Well, your Honor, I have said things to my husband, but he never seems to talk to his attorney, or whatnot, and I know Mr. Costello—I've seen how busy he is.

The Court: All right.

I'm not going to get into any debate. Do you understand, Mr. Scarponi, anything that your wife communicates to you that you feel would be helpful to your attorney and yourself in the preparation of your case, you tell him.

Mrs. Scarponi: I don't feel Mr. Costello—my husband has any defense, your Honor—after speaking with Mr. Costello—

The Court: Just a minute.

Do you understand, Mr. Scarponi? Do you have any questions?

Mr. Scarponi: Are you addressing me? Well, I don't know. This man made a motion to get off my case, your Honor.

The Court: Yes.

Mr. Scarponi: Why not grant him this motion?"

The Court: No reason to. We're not going to play hop and jump with attorneys around here, and I don't think there has been any adequate motion to relieve him of this case. The motion will be denied * * *."

The trial judge in his denial of the post-conviction petition specifically found that defendant never actually expressed dissatisfaction with counsel nor any desire for different counsel. Furthermore, "there is nothing in the record to indicate that counsel was incompetent nor that defendant had been prejudiced."

● ■■ A proceeding under the post-conviction provisions of our Criminal Code is civil in nature, and the determination of the trial judge must be upheld unless manifestly erroneous. (*People v. Rose*, 48 Ill.2d 300, 268 N.E.2d 368; *People v. Harper*, 43 Ill.2d 368, 253 N.E.2d 451.) To conclude that the quality of the representation of defendant at trial was violative of due process, the petitioner has the burden to clearly establish actual incompetence and substantial prejudice without which the outcome would have been different. *People v. Morris*, 3 Ill.2d 437, 121 N.E.2d 810; *People v. Stepheny*, 46 Ill.2d 153, 263 N.E.2d 83; *People v. Wease*, 44 Ill.2d 453, 255 N.E.2d 426; *People v. Harper*, 43 Ill.2d 368, 253 N.E.2d 451; *People v. Smith*, 7 Ill.App.3d 507, 288 N.E.2d 19.

At the post-conviction evidentiary hearing the trial judge heard the arguments of defendant's counsel and defendant's original trial counsel. The latter testified that the only reason for his motion to withdraw was that defendant's wife had been constantly harrassing him with phone calls at all hours of the day and night. He stated, however, that the badgering in no way affected his handling of the technical aspects of the case. Indeed, he testified to extensive pre-trial preparation, even to the point of going "overboard" to get up for the trial, and to numerous motions in behalf of defendant subsequent to his motion to withdraw.

In the instant case the record is completely barren of anything that would indicate actual incompetence on the part of defendant's counsel or prejudice to defendant in his counsel's handling of either the plea negotiations or the pretrial preparations. Furthermore, defendant never actually manifested his displeasure with his appointed counsel's handling of his case until the post-conviction petition was filed.

Defendant's reliance on *Anderson v. North Carolina*, 221 F. Supp. 930 (D.C. N. Car. 1963), for the proposition that defendant is entitled to have another counsel conduct the plea negotiations regardless of whether the new counsel could work out a better deal than that agreed upon or not, is inappropriate in the instant case. In *Anderson* defendant was not represented by *any* counsel at the plea negotiations whereas here defendant was represented, and nothing in the record suggests in-

competence or prejudice to defendant in counsel's handling of those negotiations.

■■ On the record before this court, we cannot say that the factual finding by the trial judge was manifestly erroneous nor can we find any constitutional infirmity in the proceedings that led to defendant's conviction and incarceration. Accordingly, the trial judge properly denied defendant's post-conviction petition, and we therefore affirm.

Affirmed.

CRAVEN, P. J., and SMITH, J., concur.