THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE YATES, Defendant-Appellant.

(No. 60161;

First District (2nd Division)—April 29, 1975.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HAYES delivered the opinion of the court:

George Yates, defendant, was found guilty after a bench trial of the crime of burglary (Ill. Rev. Stat. 1971, ch. 38, par. 19—1). He was sentenced to a term of 4 to 12 years. Defendant appeals arguing that he was denied effective assistance of counsel in that defense counsel failed to make a pretrial motion for dismissal predicated upon an alleged immunity agreement with the State's attorney's office.

Since defendant does not challenge the sufficiency of the evidence against him, a detailed recitation of the facts adduced at trial is unnecessary. Briefly summarized the evidence demonstrated that on October 1, 1972, defendant broke into the home of the complainant and stole certain items. A neighbor of the complainant witnessed the defendant enter the home and leave with certain items of property. She telephoned the police who arrived moments later and apprehended the defendant a short distance away. At the time defendant was placed under arrest, he had in his possession certain items of property taken in the burglary.

The record reflects that when defendant's case was called for trial on August 20, 1973 (a Monday), defendant appeared represented by Assistant Public Defenders James Nettelton and Sheila Murphy. Nettelton

had been representing defendant throughout the entire criminal court proceedings. At that time Nettelton requested a continuance stating that for some time he had been engaged in discussions with the State's attorney's office regarding a dismissal of the charges. A discussion between the assistant State's attorney, Nettelton, and the trial judge ensued during which it was pointed out that Nettelton had previously had several conferences with the chief and deputy chief of the State's attorney's office. The assistant State's attorney stated that after several conferences with his superiors it was his opinion that any further discussions would be useless.

Nettelton also stated that he had been hospitalized and was fearful that he could not complete the trial by the following Wednesday. Due to his hospitalization, Nettelton had not read the preliminary hearing transcript or the police reports nor had he filed pretrial motions in the case. The case was passed while Nettelton prepared the proper pretrial motions. When the case was recalled, Nettelton filed a motion to suppress the identification testimony and a motion to suppress evidence. It was stipulated that the motions would be heard along with trial. Defendant's request for a continuance to hire privately retained counsel was denied and the trial then commenced.

After two witnesses for the State had testified, the case was continued until the following day. When the case was recalled Ms. Murphy appeared representing the defendant and made a motion for a mistrial based upon the fact that Nettelton had been admitted to Billings Hospital during the night. The trial judge noted that Ms. Murphy had been present during the pretrial discussions and testimony of both witnesses the previous day. The trial judge inquired if Ms. Murphy would be able to proceed with the trial herself. Ms. Murphy replied that she did not have the file, but would have it by that evening and that after studying the file she would be able to proceed the following day. When the case was recalled the following day, the trial judge stated that he had inquired of Ms. Murphy whether she had sufficient time to prepare the case and whether she was ready to proceed with trial. Ms. Murphy indicated that she was now prepared to proceed with the trial which then continued.

At the conclusion of the trial defendant was found guilty. Subsequently, defendant filed a motion for a new trial in which he alleged that after his arrest he had been promised immunity by the then first assistant State's attorney in return for information which he provided on an unrelated case. The motion for a new trial was not verified nor was it supported by affidavit. The motion was denied.

■■ Defendant's only contention in this appeal is that he was denied

effective assistance of counsel. To establish incompetency of appointed counsel, the burden is upon the defendant to demonstrate actual incompetency of counsel as reflected by the manner of carrying out his duties and that substantial prejudice resulted therefrom without which the outcome would probably have been different. *People v. Gill,* 54 Ill.2d 357, 297 N.E.2d 135; *People v. Harper,* 43 Ill.2d 368, 253 N.E.2d 451.

Defendant's only argument in support of his claim that he was denied effective assistance of counsel is that his trial lawyer failed to make a pretrial motion to dismiss predicated upon an alleged immunity agreement with the State's attorney's office. Defendant at the trial raised this argument for the first time in a motion for a new trial where he alleged that immediately after his arrest he was promised immunity for information given on an unrelated case by the then first assistant State's attorney.

■■ Defendant's argument is contradicted by the trial record. When defendant's case was first called, he was represented by Assistant Public Defender Nettelton, who had been representing him during the entire criminal court proceedings. At that time, Nettelton requested a continuance to have further discussions regarding a dismissal of the charges with the State's attorney's office. A discussion ensued between the assistant State's attorney, Nettelton, and the trial judge during which it was evident that no agreement on immunity had been reached. The basis for Nettelton's request for a continuance was in order that he could engage in further discussions with the State's attorney's office hopefully leading to an immunity agreement. This discussion, as shown by the record, occurred in defendant's presence, and therefore contradicts his present assertion that there was a previous immunity agreement. Since at the time of the commencement of defendant's trial no immunity agreement had been entered into, it was not incompetence for defense counsel to fail to make a pretrial motion for dismissal predicated on that ground.

Defendant also contends that the hospitalization of the principal assistant public defender, both prior to trial and during trial, which resulted in the sudden necessity for the second assistant public defender to take over the representation of defendant for the conclusion of his trial, so seriously impaired the assistance afforded defendant as to render it ineffective. Owing to his pretrial hospitalization, the principal assistant public defender, as of the day of trial, did not read the preliminary hearing transcript nor the police report, nor had he filed any pretrial motions.

■■ On the other hand, on the day of trial, the two assistant public defenders appeared for defendant and the principal assistant public defender prepared and filed two pretrial motions, which, by stipulation, were to be heard along with trial. Even if the second assistant public defender was merely present, she would know the theory and basis of

the motions so as to be able to support them. She was also present when the trial began and the State's first two witnesses testified.

On the following day, she made the appropriate motion for a mistrial, but, in response to the trial judge's questions, she agreed that, since she would have the file by that evening, she would be able to proceed on the following day. The preliminary hearing transcript and the police report appear to have been in the file. On the following day, in response to the trial judge's further inquiry, the second assistant public defender confirmed that she was prepared to proceed with the trial and she did so. Defendant has not pointed out any specific defects in the quality of his representation, much less any substantial prejudice to him without which the outcome would probably have been different.

We conclude that defendant has not supported his allegation of ineffective assistance of trial counsel on either of the two suggested bases. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., and LEIGHTON, J., concur.