UNITED STATES of America ex rel. Hubert Dale SMITH, Petitioner,

v.

David FOGEL, Director, Department of Corrections, Respondent.

No. 73 C 27 WD.

United States District Court, N. D. Illinois, W. D.

Sept. 25, 1975.

6. 42 U.S.C. § 217.

Alan Metz, Chicago, Ill. (Hubert Dale Smith pro se), for petitioner.

William J. Scott, Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM ORDER

MARSHALL, District Judge.

Petitioner, Hubert Dale Smith, collaterally attacks his Illinois state court conviction for murder by a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (1970). Petitioner's conviction following a trial by jury in Winnebago County, Illinois, was reviewed and affirmed by the Illinois Appellate Court, Second District. *People v. Smith*, 108 Ill.App.2d 172, 246 N.E.2d 689 (1969). His petition for post conviction relief under the Illinois Post Conviction Proceeding Act, *Ill.Rev.Stat.*, ch. 38, § 122–1 *et seq.* (1973), was denied following a hearing and that denial

was affirmed by the same Illinois Appellate Court. *People v. Smith*, 7 Ill. App.3d 507, 288 N.E.2d 19 (1972).

His petition here raises three issues: (1) the alleged incompetence of his court-appointed Illinois Public Defender trial counsel in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States; (2) an alleged violation of his Fifth Amendment privilege against self-incrimination as interpreted and implemented by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), when certain written and oral statements were introduced into evidence against him; (3) an alleged violation of his right to due process of law guaranteed by the Fourteenth Amendment occasioned by an accumulation of alleged highly prejudicial errors committed during the course of the trial. In addition, implicit in his challenge to the competence of his trial counsel is an assertion that he was denied due process of law by reason of extensive pretrial media publicity of which the jury venire was aware and in respect to which allegedly inadequate steps were taken to safeguard petitioner's presumption of innocence. *Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L. Ed.2d 600 (1966).

Respondent has filed a motion to dismiss or in the alternative for summary judgment supported by a written memorandum. Petitioner was served with a copy of the motions and he requested that we proceed without a response on his behalf relying instead on his petition and the record of proceedings in the Illinois courts. In his letter of July 22, 1975, taking that position, he also requested that a lawyer be appointed to represent him.

The petition, all of the records and files in the state court proceedings and the respondent's motions and memorandum have been reviewed with care. For reasons which need not be elaborated upon at this time, it appears to the court that defendant's Fifth Amendment-*Miranda* contention is wanting in merit.

Here he asserts that he should not have been interrogated by police officers following his arrest when having been given the *Miranda* admonitions, he was overheard by the officers to tell his brother to either post bond or hire a lawyer for him. A somewhat similar contention has been rejected by the Fifth Circuit in *Narro v. United States*, 370 F.2d 329 (1966). He also contends that he did not knowingly and intentionally waive his Fifth Amendment right to remain silent because at the time of the interrogation he did not know that the victim, a two-year-old child, had died and that he was under investigation for murder; rather he assumed that he was under investigation for child abuse. The Third Circuit has rejected a similar contention. *Collins v. Brierly*, 492 F.2d 735, 738–39 (1974), *cert. denied*, 419 U.S. 877, 95 S.Ct. 140, 42 L.Ed.2d 116 (1947).

■■  Similarly, petitioner's contention that he was denied due process of law by an accumulation of prejudicial errors appears wanting. The Seventh Circuit has held that the "admissibility of evidence is a [question] of state law, and unless there is a . . . denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is involved." *United States ex rel. Harris v. Illinois*, 457 F.2d 191, 198 (1972), *cert. denied*, 409 U.S. 860, 93 S.Ct. 147, 34 L.Ed.2d 106 (1972). And a like standard appears applicable to jury instructions. *See United States ex rel. Waters v. Bensinger*, 507 F.2d 103, 104–105 (7th Cir. 1974). An examination of the disputed evidence rulings and jury instructions which petitioner presents here under the umbrella of accumulative error, do not appear to rise individually or collectively to the level of a denial of due process. Nevertheless, because those questions are closely intertwined with the first issue of trial counsel incompetence, final decision in respect to them will be deferred pending an evidentiary hearing with respect to the totality of the facts surrounding the representation which petitioner received from his court-appointed public defender lawyer.

■  That issue—competence of counsel under the Sixth and Fourteenth Amendments—is a very troublesome one. The record discloses a conflict between petitioner and his lawyer with respect to what petitioner's testimony at trial would be. It also discloses a paucity of client interview and preparation of petitioner to testify by his lawyer. It also suggests a similar lack of interview and preparation of defense witnesses. By making these observations, no prejudgment of those issues is suggested. However, despite an evidentiary hearing in the state court on the issue of trial counsel competence, we feel that a full evidentiary hearing is warranted. This is particularly true in light of the fact that the Seventh Circuit has recently reexamined the standard to be applied in judging the effective assistance of counsel under the Sixth Amendment, *United States ex rel. Williams v. Twomey*, 510 F.2d 634 (7th Cir. 1975), and, in further light of the fact that petitioner's allegations of trial counsel's competence raise serious questions of professional responsibility which have not received an abundance of judicial scrutiny. *See* Freedman, "Professional Responsibility of the Criminal Defense Lawyer: the Three Hardest Questions," 64 *Mich.L. Rev.* 1469 (1966); Burger, "Standards of Conduct for Prosecution and Defense Personnel: A Judge's Viewpoint," 5 *Am. Crim.L.Q.*, 11, 13 (1966); ABA Standards for Criminal Justice, Standards Relating to the Prosecution Function and The Defense Function, § 7.7 and the Commentary thereto; ABA Code of Professional Responsibility, DR 7–102(A) (4), (7). Whether this case will require a decision regarding the single course of conduct open to counsel when confronted with the situation allegedly presented—a client who wishes to testify contrary to statements previously made to his lawyer—is now uncertain. But

certain it is that such a decision should not be made without all of the facts being thoroughly ventilated.

The transcript of proceedings in the state court contains ambiguities, internal contradictions, a position taken by petitioner's trial counsel in a conference with petitioner which appears somewhat at odds with that which actually occurred at the trial, and a substantial issue of credibility. In these circumstances, we would be ill at ease were we not to re-hear the evidence as it relates at least that aspect of the competence issue which relates to the conflict between the petitioner and his court-appointed public defender lawyer.

Accordingly, respondent's motions to dismiss and for summary judgment are denied as to all of petitioner's contentions. All issues should await the evidentiary hearing. Respondent is ordered to answer the petition within 20 days. Petitioner's request for the appointment of counsel is granted and Alan Metz, Esq., One IBM Plaza, Chicago, Illinois 60611, is appointed to represent petitioner. The cause is set for report on status in Chicago on October 23, 1975 at 10:00 a. m.