(No. 40644.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JAMES CAISE, Appellant.

*Opinion filed November 30, 1967.*

MAYNARD R. BISSONNETTE, of Kankakee, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and EDWARD P. DROLET, State's Attorney, of Kankakee,
(FRED G. LEACH, Assistant Attorney General, of counsel,)
for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the
court:

In May of 1966, James Caise was convicted in the
circuit court of Kankakee County on his plea of guilty
of the crime of indecent liberties with a child (Ill. Rev.
Stat. 1965, chap. 38, par. 11—4) and sentenced to the
penitentiary for a term of not less than three nor more
than five years. He filed notice of appeal, requested and
was given appointed counsel. Thereafter, he withdrew his
notice of appeal and filed the instant petition for a post-
conviction hearing alleging that he was "ineptly repre-
sented by the Public Defender", his trial counsel, and

that "admissions of guilt were substantially coerced and suborned" and therefore were not his free and voluntary acts.

A hearing was held on the petition and the transcript of the original proceedings in the case was introduced in evidence. That record disclosed, among other things, that petitioner, in May of 1966, had two indictments against him for rape, arising out of separate occurrences, with lesser counts therein charging him with indecent liberties, that upon his plea of guilty to one of those latter counts the other charges were nolled by the State, and that he received a single sentence of three to five years. Petitioner and his trial counsel were the only material witnesses at the hearing. The former testified that between the time of his preliminary hearing, February 15, 1966, and May 21, 1966, two days prior to his trial date on the first indictment, he had no contact with his appointed attorney other than one telephone conversation, although he, his father and his employer had tried to contact him several times. With respect to his contact of May 21, he stated that he met with his attorney for only 15 minutes during which time he advised him that there was a doctor's report on the examination of the complaining witness and requested him to obtain a copy. Petitioner further testified that on the scheduled day of his trial, May 23, his attorney "explained to me that being in the same building with this girl was a crime and that the jury would find me guilty on it" and "told me if I went to court and pleaded guilty, he would get me a one to three sentence, and if not, I would definitely get a five to ten year sentence." He also stated that his attorney told him that he had not obtained the doctor's report, that he had no witnesses to call on his behalf, that he thought it inadvisable to ask for probation even though he was eligible for it since it would jeopardize his chances of getting the one-to-three sentence, and that he had one half hour to decide how to plead. Petitioner, in concluding his testimony,

asserted that he had never authorized a statement of facts which his counsel stipulated to prior to his trial date, that all he admitted to anyone was being with the prosecutrix at the place and time charged in the indictment, and that there were witnesses who would have testified on his behalf at trial.

The Public Defender testified that he represented petitioner on both indictments, that he talked with him "six or eight times" prior to trial, including immediately prior to his preliminary hearing of February 15, 1966, and his arraignment on May 2, 1966. He stated that subsequent to the preliminary hearing he obtained the doctor's report, expressing the opinion that no penetration had occurred, and that he apprised petitioner of this. He expressly denied telling petitioner he would get a one-to-three sentence if he pleaded guilty, or that being in the same room with the prosecutrix constituted a crime. He affirmatively stated that he conferred with petitioner intermittently throughout the morning of May 23 during which time he told petitioner that the State would nolle all charges against him but the indecent liberties count of the first indictment, that the State would, if he was convicted on a not-guilty plea, recommend a five-to-ten-year sentence but that the judge was not bound thereby, and that probation was unlikely since the State would oppose it. He further stated that he was prepared to go to trial at the date set, and that he introduced the doctor's report into evidence at the hearing on aggravation and mitigation.

At the conclusion of all the evidence, the court found that defendant's trial counsel adequately and competently prepared for trial and fully advised defendant of the law and facts of his cause, that no promises were made to defendant by his counsel, "pretending" to predict the action of the court, that defendant's guilty plea was voluntary and of his own free choice, and that therefore he suffered no substantial denial of his constitutional rights.

In this appeal petitioner attacks the foregoing factual findings of the trial court, contending that the evidence adduced at the hearing establishes the allegations of his petition. In this regard we note that a post-conviction proceeding is civil in character and in such a proceeding the petitioner has the burden of showing that he was deprived of a substantial constitutional right. (*People* v. *Hall,* 413 Ill. 615.) While petitioner's allegations, if true, would have justified relief under the Post-Conviction Hearing Act, the evidence in support thereof consisted solely of his own testimony, which was directly contradicted in material part by that of the Public Defender and the transcript of the original proceedings. "The credibility of the testimony in a post-conviction case, as in other cases tried by the court without a jury, is a matter for the trial judge to determine, and unless something appears to show that the determination by the trial judge was manifestly erroneous, the trial judge, who had an opportunity to see and hear each witness, should be upheld." (*People* v. *Alden,* 15 Ill.2d 498, 503.) It is apparent that the trial judge at the instant hearing found the testimony of the Public Defender more credible. The only charge unrebutted by his testimony concerned the facts allegedly stipulated to by him without defendant's consent. The transcript of proceedings indicates that these stipulated facts consisted of a summation of the prosecutrix's testimony at the preliminary hearing, which testimony the Public Defender rightfully deemed advantageous to defendant's cause. In addition, the *nolle prosequi* of the rape charges by the State substantiates the Public Defender's assertion that he knew of the doctor's report and its contents, and that he used it to the betterment of petitioner's interests. In view of this, and the entire record in the cause, we are not disposed to overturn the trial judge's finding, and the judgment is therefore affirmed.

*Judgment affirmed.*