(No. 43326.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOSEPH ROSE *et al.*, Appellants.

*Opinion filed April 1, 1971.—Rehearing denied May 26, 1971.*

WARD, J., took no part.

CHARLOTTE ADELMAN and PHILIP M. BASVIC, both of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, ROBERT A. NOVELLE, Assistant State's Attorney, and TERRY GORDON (Senior Law Student), of counsel,) for the People.

Mr. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioners, Joseph Rose and Hugo Mattes, appeal from the judgment of the circuit court of Cook County denying their petition for relief filed under the provisions of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, 112—1 *et seq.*) Rule 651(a) provides for appeal directly to this court.

This is the second appeal in this case. (See *People* v. *Rose,* 43 Ill.2d 273.) After hearing the evidence as directed by our mandate the trial court again denied the petition and this appeal followed. The facts are reviewed at length in our earlier opinion and will be restated here only to the extent necessary to discuss the issues raised on appeal.

Petitioners' first assignment of error arises from the efforts to take the discovery depositions of the circuit judge who conducted the bench trial, his bailiff, and the assistant State's Attorney who tried the case. The record shows these individuals were given notice to appear for deposition and failed to appear. Petitioners, alleging that a post-conviction proceeding is civil in nature moved for "relief pursuant to Rule 219," which motion the trial court denied.

Petitioners contend that this court has held (see *People* v. *Alden,* 15 Ill.2d 498) that a post-conviction hearing is civil in nature, that our Rules with respect to discovery

(Supreme Court Rule 201 *et seq.*) apply, the refusal to order the witnesses to appear for deposition deprived petitioners of the opportunity to properly prepare for cross-examination and they were thereby prejudiced. They cite the provisions of section 6 of the Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, par. 122—6) to support the contention that depositions are to be taken as in other civil proceedings. They argue the trial court should have excluded the testimony of Judge Landesman, the trial judge, and discharged the defendants.

In our opinion section 6 of the Post-Conviction Hearing Act contemplates the use of evidence depositions and does not refer to discovery depositions. As with many orders for discovery and the imposition of sanctions for failure to comply therewith, the trial court's refusal to order the witnesses to appear for deposition was an exercise of the court's discretionary powers and its decision should not be reversed unless there has been an abuse of discretion. The witnesses appeared, testified and were cross-examined at length. Under the circumstances shown in this record, the refusal to order the witnesses to appear for deposition was not an abuse of discretion.

In the bench trial of this case, during recross-examination of the complaining witness, defense counsel attempted to question her regarding her failure to make a complaint to her roommate upon her return to her home after the alleged offense. Because the essential issue at the trial was one of consent, or lack thereof, and because the trial judge at the time of the first hearing on the post-conviction petition indicated he may have restricted such recross-examination because of evidence received off the record, we ordered a hearing to determine what information had in fact reached the trial judge outside the record and whether such information motivated, even in part, the restriction of recross-examination.

At the hearing before a different judge, the trial judge

testified that, prior to the start of testimony of the complaining witness, he held an informal conference off the record with the prosecutor and defense counsel. The prosecutor advised the court and defense counsel that he did not intend to call as a witness complainant's roommate because there was hostility between them, and he felt the roommate's testimony would be of no benefit to the prosecution. Defense counsel also indicated he did not plan to call her. The trial judge further testified that his only motivation in sustaining the objection to the recross-examination was that it went beyond the redirect, that his decision to restrict was not based upon evidence heard off the record, and what was told to him off the record about the relationship of the complainant and her roommate did not affect his judgment. In our opinion there is nothing in the testimony of the trial judge or in that of the prosecuting attorney, whose testimony corroborates the trial judge's recollection of the conversation during the informal conference, to indicate that the trial judge was motivated by anything other than a discretionary ruling on a question of evidence.

The judge who conducted the post-conviction hearing found that the trial judge was not motivated by anything he had heard outside the record, and therefore denied the petition. The judge who hears the testimony in the post-conviction hearing determines the credibility of the witnesses, and, unless it can be shown such determination is manifestly erroneous, his findings will be upheld. (*People* v. *Caise,* 38 Ill.2d 486; *People* v. *Harper,* 43 Ill.2d 368.) There is no such showing here. We find no reversible error and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.