The People of the State of Illinois, Plaintiff-Appellee, *v.* James Hampton, Defendant-Appellant.

(No. 56634;

First District—September 29, 1972.

Robert A. Creamer, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Defendant was sentenced to a term of four to six years after pleading guilty to a two-count indictment charging him and a co-defendant, Emmans Lampkins, with aggravated battery and attempted robbery.

Defendant filed a post-conviction petition under the Post Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, pars. 122—1 *et seq.*), alleging that his plea of guilty was coerced by the Assistant Public Defender who had been appointed to represent him. The petition stated that defendant was threatened by his attorney with a sentence of 20 to 30 years if he did not plead guilty and accept the sentence of four to six years offered by the State.

The trial court denied the State's motion to dismiss defendant's petition, and a hearing was held to determine the validity of defendant's allegation.

At the hearing, defendant testified that at his initial meeting with the Assistant Public Defender, he was told it would be senseless to plead not guilty because he had been caught in the act, but that the Assistant Public Defender would try to get him the least time possible. Since defendant claimed that the victim of the robbery had not been injured, the Assistant Public Defender was going to check on the condition of the victim and the possibility of having the aggravated battery charge dropped.

Defendant testified further that at the second meeting with his attorney, he was offered four to six years if he would plead guilty to both counts in the indictment. He asked about the aggravated battery charge, and the Assistant Public Defender told him he would try to get it dropped. The attorney left and returned later with an offer of three to seven years and the possibility of parole. When defendant told him that he wanted a better sentence, the Assistant Public Defender replied that defendant would get 20 to 30 years is he kept "messing around," and then "threatened" to withdraw from the case if defendant didn't take the offered sentence. Defendant said that he did not tell the judge that his plea had been coerced, because he was afraid that would cause more trouble and he would receive an even longer sentence.

Defendant also testified that at the time he pleaded guilty, he thought he was only pleading to attempted robbery, because the Assistant Public Defender had told him that the aggravated battery charge would be dropped and because that charge hadn't been read before he pleaded guilty.

A co-defendant, Emmans Lampkins, who pleaded guilty at the same time as defendant, testified that he, too, thought they were pleading guilty only to attempted robbery. He also testified that the Assistant Public Defender had said that defendant could get 20 to 30 years if he kept "fooling around," and that he would "step out" of the case if each defendant didn't accept the sentences offered them.

The Assistant Public Defender denied coercing defendant to plead guilty, denied mentioning a 20-to-30-year sentence, and denied "threatening" to withdraw from the case. He stated that he thought defendant understood the consequences of his guilty plea at the time the plea was entered.

At the conclusion of the hearing, the trial judge denied defendant's petition and concluded that there had been no deprivation of his constitutional rights. He said that defendant had an opportunity to say he had been coerced but did not do so. The judge was impressed by defendant's testimony, but concluded that defendant had not been taken advantage of. Both defendants had extensive records and, according to the judge, had "been around." He stated further that he had a good recollection of the case, however, and that he thought he had sentenced each defendant only on the attempted robbery count. He said, "I was very lenient to them. I only sentenced them on one count, the graver one."

Petitioner maintains that a guilty plea induced or coerced by threats is invalid and void. He argues that the testimony presented at the post-conviction hearing established that his plea was coerced.

■■  A post-conviction proceeding is civil in nature, and petitioner has the burden of showing that he was denied a substantial constitutional right. *People v. Caise*, 38 Ill.2d 486, 231 N.E.2d 596.

In the present case, the trial judge held an extensive hearing on the charges alleged in defendant's petition. At the hearing, defendant and a co-defendant testified, as did the Assistant Public Defender. The trial judge stated that his recollection of the case was good, that he had reviewed his notes and the records of the case, and that he did not believe defendant's plea had been coerced.

At the time defendant changed his plea from not guilty to guilty, the record indicates that the judge warned him of the nature of his plea and the consequences thereof. Defendant was given ample opportunity to speak to the court, but rather than explaining the alleged coercion, he indicated that his plea was voluntarily given.

■■  It is for the judge who hears the testimony in the post-conviction hearing to determine the credibility of the witnesses, "and, unless it can be shown such determination is manifestly erroneous, his findings will be upheld." *People v. Rose*, 48 Ill.2d 300, 303, 268 N.E.2d 700; *People v. Harper*, 43 Ill.2d 368, 253 N.E.2d 451.*

■■  A review of the record indicates that the trial judge acted properly by holding a hearing on defendant's petition. He made a careful study of the record and the testimony and, based thereon, his determination that there had been no constitutional violation should be upheld.

■■  However, in his final statement, the judge stated that he thought he had sentenced defendant on the attempted robbery charge only. He indicated that it would not have been his usual practice to sentence defendant on both counts of this kind of indictment. In light of the judge's own belief that the record indicating a sentence on the aggravated battery charge was incorrect, it would appear that he intended to correct the record as to that count, but did not do so. The aggravated battery sentence is therefore vacated and the cause is remanded to the trial judge for a final disposition of the petition in regard to that charge. If, by his statements, he did not intend to vacate the sentence for aggravated battery, it may be reinstated. The judgment of conviction and sentence for attempted robbery are affirmed.

Affirmed in part, vacated in part and remanded with instructions.

LORENZ, P. J., and DRUCKER, J., concur.

---

* It should be noted that in each case cited by defendant, with the sole exception of *People v. Caise*, 38 Ill.2d 486, 231 N.E.2d 596, where a hearing was held and the judgment affirmed, no hearing was held and each reversal was accompanied by a remand for an evidentiary hearing. See *Machibroda v. United States*, 368 U.S. 487; *People v. Washington*, 38 Ill.2d 446, 232 N.E.2d 738; and *People v. Sigafus*, 39 Ill.2d 68, 233 N.E.2d 386.