THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JAMES B. MATTHEWS, Petitioner-Appellant.

(No. 59045;

First District (5th Division)—January 25, 1974.

*Modified opinion upon denial of rehearing March 1, 1974.*

Gary H. Palm, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Petitioner appeals from an order denying his post-conviction petition filed pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) after an evidentiary hearing. On appeal he argues that his Illinois sentence must be deemed concurrent with a previously imposed New Jersey sentence, and that his plea of guilty was involuntary.

Petitioner was initially arrested in Chicago on December 25, 1964, and charged with armed robbery. He was subsequently released on bail. On February 26, 1965, while free on bail on the Chicago armed robbery charge, he was arrested in Newark, New Jersey, and again charged with armed robbery. On June 24, 1965, he was convicted of robbery in New Jersey and sentenced to a term of seven to ten years in the new Jersey State Prison. He was returned to Illinois and on October 7, 1965, he entered a plea of guilty to four indictments charging him with armed

robbery and one indictment charging him with bail jumping. He was sentenced to a term of seven to ten years on each indictment charging armed robbery and one to five years on the indictment charging bail jumping, all the sentences to run concurrently with each other and to be served in the Illinois State Penitentiary. He was then returned to the State of New Jersey to serve the previously imposed sentence there. On July 23, 1971, after having served the New Jersey sentence, he was returned to the State of Illinois to serve his Illinois sentence.

On June 15, 1972, petitioner filed a pro se post conviction petition. An attorney was appointed to represent him, and an amended post-conviction petition was filed on August 29, 1972. On October 6, 1972, a second amended petition for post-conviction relief was also filed. That amended petition in the alternative asked for habeas corpus relief. The amended petitions alleged that petitioner's plea of guilty was involuntary, and that the Illinois sentence was in fact concurrent with the New Jersey sentence, and therefore petitioner is entitled to immediate release.

On January 31, 1973, an evidentiary hearing was held on the petition. It was stipulated that petitioner's original trial attorney, if called to testify, would state that he had no memory of the petitioner or the facts of the case.

Petitioner testified that prior to entering his plea of guilty, the assistant public defender assigned to represent him stated that the prosecution had recommended a sentence of 13 to 15 years upon a plea of guilty; that petitioner was already serving a sentence of seven to ten years in the State of New Jersey; that he informed his counsel that he would like to have a sentence of seven to ten years to run concurrent with the previously imposed New Jersey sentence; that his counsel, after conferring with the assistant state's attorney, informed petitioner that the assistant state's attorney would recommend a sentence of seven to 13 years; that petitioner requested that he be allowed to talk to the assistant state's attorney; that he told the assistant state's attorney he would like to have a recommendation of a sentence of seven to ten years to run concurrently with the New Jersey sentence. The assistant state's attorney informed him that he could not promise anything but said that he would look into it. Petitioner testified that a short time later his counsel returned and said, "We got it." Petitioner inquired as to what his counsel meant and he replied, "We got seven to ten." Thereafter petitioner entered a plea of guilty.

Carmen Speranza testified that on October 7, 1965, he was an assistant state's attorney assigned to Judge Healy's courtroom. Petitioner had asked to speak with him, and he went into the lockup with defense counsel to talk with petitioner who stated that he was presently serving

a sentence in the State of New Jersey and asked that the State be as lenient as possible. Speranza testified that he did not recall petitioner ever asking whether or not his Illinois sentence could run concurrently with the New Jersey sentence, and that he made no representations of any type to petitioner but merely stated that he would talk to his counsel. He further testified that he informed petitioner's counsel that in lieu of making any recommendations, he would allow the court to sentence and would merely relate to the court what petitioner had told him in the lockup. When petitioner pleaded guilty, Speranza did not make any recommendation but noted that petitioner was presently serving a sentence of seven to ten years in New Jersey and made the following statement to the court: "Mr. Matthews talked to me in back one day, he informed me if we would recommend a sentence concurrently with that particular sentence that this would be the first chance he has had during the course of his lifetime, and that he would do his best to reform himself and come out a better member of the community."

OPINION

Petitioner's first contention on appeal is that the Illinois sentence imposed upon him is concurrent with the previously imposed New Jersey sentence and therefore he is entitled to his immediate release. He argues that Illinois courts have authority to order that a sentence run concurrently with a sentence of another State and that since the trial judge did not indicate whether petitioner's sentence is to run concurrently or consecutively with the previously imposed New Jersey sentence, it must be deemed to run concurrently.

■■ The statutes of this state do not empower a trial court to order an Illinois sentence to run concurrently with a sentence imposed by the courts of another state. Rather, concurrent sentencing is authorized only with other Illinois sentences or with previously imposed federal sentences. (Ill. Rev. Stat. 1965, ch. 38, par. 1—7(m) (n).)* an examination of

---

* The relevant portions of Ill. Rev. Stat. 1965, ch. 38, par. 1—7, provide as follows:

"(m) Consecutive and Concurrent Sentences.

"When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses.

"(n) [Federal Offenders Convicted of a State Offense]

"When a person has been convicted of a Federal offense, or is serving a term of imprisonment for a Federal offense in any institution designated by the Attorney General of the United States under the provisions of 18 USC 4082, and is convicted of a State offense not resulting from the same conduct, after the Federal sentence has been pronounced upon such person, the court of this State at its discretion may order that the term of imprisonment for

·the relevant provisions makes clear the intent of the legislature to limit concurrent sentencing to these two instances. Adhering to the "fundamental principal [sic] of statutory construction that the enumeration of certain things in a statute implies the exclusion of all others." (*In re Estate of Leichtenberg*, 7 Ill.2d 545, 552, 131 N.E.2d 487; *People v. Criswell*, 12 Ill.App.3d 102, 298 N.E.2d 391.) We find that no authority existed in the court which sentenced petitioner, to impose a sentence concurrent to that which he was serving in New Jersey.

Petitioner next contends that his plea of guilty was involuntary because it was based upon the reasonable assumption that the assistant state's attorney would recommend a sentence of seven to ten years to run concurrently with the previously imposed New Jersey sentence.

■■■ A post-conviction proceeding is civil in nature and petitioner has the burden of showing that he was denied a substantial constitutional right. (*People v. Caise*, 38 Ill.2d 486, 231 N.E.2d 596; *People v. Hampton*, 7 Ill.App.3d 1036, 288 N.E.2d 656.) It is the function of the trial judge who hears the testimony in post-conviction proceedings to determine the credibility of witnesses and, unless it can be shown that the trial court's determination is manifestly erroneous, the findings will be upheld. *People v. Rose*, 48 Ill.2d 300, 268 N.E.2d 700; *People v. Harper*, 43 Ill.2d 368, 253 N.E.2d 451.

The testimony of the assistant state's attorney established that prior to his plea of guilty petitioner requested a personal talk with the assistant state's attorney and then asked him to recommend a sentence of seven to ten years concurrent with the New Jersey sentence. The assistant state's attorney informed the petitioner that he could not make any promises but agreed to talk further with his counsel. The assistant state's attorney testified that he did in fact talk to petitioner's counsel and agreed to make no recommendation but to inform the trial judge of petitioner's request.

Petitioner's testimony was substantially the same as that of the assistant state's attorney except that petitioner testified that some time after his conversation with the assistant state's attorney his attorney told

---

the State offense shall be served concurrently with the term of imprisonment for the Federal offense in the institution so designated by the Attorney General of the United States."

These provisions, as amended, were included in our Unified Code of Corrections and are found at Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a). We note that a recently enacted amendment to the corrections code, to take effect July 1, 1974, *will* authorize a court to order the Illinois sentence of a defendant who has a previous unexpired sentence imposed by another state to run concurrently with the prior sentence in the other state. (Public Law, 78—939, sec. 5—8—1(f).)

him, "We got it." He inquired as to what his counsel meant and counsel replied, "Seven to ten." Petitioner did not testify that his attorney at any time told him that the sentence would be concurrent with the previously imposed New Jersey sentence. Petitioner now argues that from the statements of his counsel, he understood that the assistant state's attorney would recommend a sentence of seven to ten years, concurrent with the previously imposed New Jersey sentence. He does not argue that the trial judge was at any time or in any way involved or had agreed to anything whatsoever.

■■ The record of petitioner's plea of guilty corroborates the testimony of the assistant state's attorney and demonstrates that the assistant state's attorney did not make a recommendation but merely reiterated petitioner's request for a sentence of seven to ten years to run concurrently with the New Jersey sentence. Petitioner did not protest the assistant state's attorney's lack of a recommendation nor in any manner indicate surprise. Petitioner's past experience in the court with several felony convictions and penitentiary sentences, as well as the admonition given him at the time he entered his plea of guilty that the sentence would be served in the Illinois State Penitentiary at Joliet, Illinois, undermine petitioner's argument. The statement made by the assistant state's attorney at the time petitioner entered his plea of guilty was sufficient to comply with the agreement he had made with petitioner's counsel. Under these circumstances, the trial court properly ruled that petitioner's plea of guilty was not involuntary.

Petitioner also argues that the trial judge erred in failing to admonish him prior to his plea of guilty that his sentence could run consecutively to the previous sentence imposed in New Jersey. In *People v. Brouhard,* 53 Ill.2d 109, 112, 290 N.E.2d 206, the defendant on appeal made a similar argument. In rejecting that contention, the Illinois Supreme Court said:

> "As to the court's duty to admonish the defendant that the term imposed could be made to run consecutively to the earlier sentence, no such admonition was necessary. This sentence was imposed in 1966. The duty of the court with regard to admonishing defendants at that time was governed by section 113—4(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, ch. 38, par. 113—4(c)), which in substance provided that a plea of guilty shall not be accepted until the court shall have explained to the defendant the consequences of such plea and the maximum penalty which may be imposed. Our then rule 26(3) (Ill. Rev. Stat. 1965, ch. 110, par. 101.26(3)) also required the court to find

> that the defendant understands the nature of the charge against him and the consequences thereof if found guilty. The more detailed requirements of our present Rule 402 (50 Ill.2d R. 402) concerning accepting pleas of guilty and pleas resulting from agreements are not applicable to this case."

In the case at bar petitioner's plea of guilty was entered in 1965. The admonishments given him prior to his plea of guilty were sufficient under the law at that time. The trial judge was under no duty to inform him that his sentence would run consecutively with the previously imposed sentence in New Jersey. We have already determined there was no authority in the trial court to impose a concurrent sentence in this case.

■■ Finally, petitioner contends that he is entitled to the issuance of a writ of habeas corpus ordering his immediate release from custody. He argues that his Illinois sentence must be held to have run concurrently with his New Jersey sentence, "and since he has completed serving his sentence in New Jersey fully satisfying the maximum term, then his time served in New Jersey should be credited to his Illinois sentence, and he should be released." Since we have determined that the sentences could not be concurrent defendant is not entitled to a writ of habeas corpus.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.