(No. 46631.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES B. MATTHEWS, Appellant.

*Opinion filed Jan. 21, 1975.—Rehearing denied March 24, 1975.*

WARD, J., took no part.

Gary H. Palm, of the Mandel Legal Aid Clinic, of

Chicago (Maureen T. Thornton, Christine Luzzie, and Scott Berman (senior law students), of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, of Chicago, and Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, and Bruce H. Weitzman (law student), of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, James B. Matthews, appealed from the judgment of the circuit court of Cook County denying his petition filed under the provisions of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*). The appellate court affirmed (17 Ill. App. 3d 395), and we allowed petitioner's petition for leave to appeal. The facts are adequately reviewed in the opinion of the appellate court and will be restated here only to the extent necessary to the discussion of the issues.

Petitioner was arrested in Chicago on December 25, 1964, and charged with armed robbery. He was subsequently released on bail. On February 26, 1965, while free on bail, he was arrested in Newark, New Jersey, and charged with armed robbery. On June 24, 1965, he was convicted of robbery in New Jersey and sentenced to a term of 7 to 10 years in the New Jersey State Prison. He was returned to Illinois, and on October 7, 1965, he entered pleas of guilty to four indictments charging him with armed robbery and one indictment charging him with bail jumping. He was sentenced to the penitentiary for a term of 7 to 10 years on each armed-robbery conviction and to a term of 1 to 5 years on the bail-jumping charge, the sentences to run concurrently. He was then returned to the State of New Jersey to serve the sentence previously imposed there. On July 23, 1971, after having served the

New Jersey sentence, he was returned to the State of Illinois to serve his Illinois sentence.

Petitioner makes two contentions: first, that the Illinois sentence was concurrent with his prior New Jersey sentence, and second, that his plea of guilty was involuntary "because it was made in reliance on a promise which was without value."

In support of his contention that the Illinois sentence was concurrent with the New Jersey sentence, petitioner argues that this court has repeatedly held "that a sentence which is silent with regard to a prior Illinois sentence should be deemed concurrent." Citing the ABA Project on Minimum Standards for Criminal Justice (Standards Relating to Sentencing Alternatives and Procedures (Approved Draft 1968) and the enactment of section 5—8—1(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(f)) he argues further that the proper interpretation of the order imposing the sentence is that it was to be served concurrently with that of New Jersey.

We need not and do not decide whether prior to the enactment of section 5—8—1(f) of the Unified Code of Corrections the circuit court was empowered to order that a sentence be served concurrently with a prior sentence imposed in another State. Relief may be granted under the Post-Conviction Hearing Act when the petitioner has suffered "a substantial denial" of a constitutional right. (*People v. Newberry*, 55 Ill.2d 74, 75.) Assuming, *arguendo*, the power to make the sentence concurrent, petitioner suffered no denial of a constitutional right when the court failed to do so.

Petitioner's second contention raises an issue cognizable under the Post-Conviction Hearing Act. If the plea of guilty was made in reliance on the promise that the sentence imposed would be concurrent with the New Jersey sentence it was not voluntary and should be set aside. The record, however, supports the circuit court's finding that no such promise was made and that the plea

126

was voluntarily made. The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.