THE PEOPLE *ex rel.* BERNARD MICHAEL O'MEARA, Petitioner-Appellee, *v.* PETER BENSINGER, Director, Illinois Department of Corrections *et al.*, Respondents-Appellants.

(No. 58578;

First District (5th Division)—March 14, 1975.

William J. Scott, Attorney General, of Chicago (James B. Zagel and John Patrick Healy, Assistant Attorneys General, of counsel), for appellants.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alsin, Assistant Public Defender, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Respondents appeal from the issuance of a writ of habeas corpus and the order releasing petitioner from custody. The issues presented by this appeal are whether (1) Illinois Law (Ill. Rev. Stat. 1969, ch. 38, pars. 1—7(m), (n))[1] permits the trial court to impose a sentence to run concurrently with a sentence imposed by a court of another State; and (2) if Illinois law does not so permit, is there a violation of equal protection in that the State is discriminating between State and Federal prisoners in the imposition of concurrent sentences?

The facts are undisputed. On January 3, 1969, petitioner was imprisoned in California for the offense of armed robbery. On September 20, 1969, he was extradited to the State of Illinois under Cook County Indictments Nos. 68-1286, 68-3488 and 68-3489. On November 24, 1969, he was sentenced to the Illinois State Penitentiary for concurrent terms of not less than 3 nor more than 3 years and 1 day, said sentences to run concurrently with his previously imposed California sentence. He returned to California where he remained until paroled from the California penal system on September 28, 1972. Upon petitioner's parole, he was returned to Illinois by means of an Illinois detainer warrant to begin serving his Illinois sentence under custody of the Illinois Department of Corrections.

---

[1] Subsections (m) and (n) of section 1—7 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 1—7(m), (n)) provide:

"(m) Consecutive and Concurrent Sentences.

When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses.

(n) Sentences Concurrent to a Previous Federal Sentence.

If at the time of a sentence imposing punishment of imprisonment by a court of this State, the defendant being sentenced is in federal custody serving a previous and unexpired sentence of imprisonment imposd by any district court of the United States, and during such federal custody the defendant has been produced before the court of this State, the court may in its discretion order that its sentence of imprisonment shall be served concurrently with such previous and unexpired federal sentence. In the event of such concurrent sentence, the defendant shall be committed in the manner provided by Section 119—2 of the 'Code of Criminal Procedure of 1963,' approved August 14, 1963, as heretofore and hereafter amended."

The court in this habeas corpus proceeding found that on a sentence of not less than 3 years, nor more than 3 years and 1 day, the maximum amount of time to be served is 2 years 6 months with credit for good time. Furthermore, the court found that "a computation of time spent in Illinois awaiting trial on the Cook County indictments (from September 20, 1969, through November 24, 1969), plus the time spent in California when petitioner should have been receiving credit toward his Illinois sentence, is a period considerably greater than the maximum time to be served on a sentence of three years to three years and one day (i.e. 2 years, 6 months)."

OPINION

■■ Petitioner first contends that subsections (m) and (n) of section 1—7 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 1—7(m), ·(n)) should be construed to allow a trial judge to give a sentence to run concurrently· with a sentence imposed by a court of another State. Respondent argues that the statute authorizes no such power and refers this court to *People v. Matthews*, 17 Ill.App.3d 395, 398-399, 308 N.E.2d 230.[2] The court in *Matthews* was presented only with this question of statutory construction and found:

> "The statutes of this state do not empower a trial court to order an Illinois sentence to run concurrently with a sentence imposed by the courts of another state. Rather, concurrent sentencing is authorized only with other Illinois sentences or with previously imposed federal sentences. (Ill. Rev. Stat. 1965, ch. 38, par. 1—7 (m)(n).) [Footnote omitted.] an [sic] examination of the relevant provisions makes clear the intent of the legislature to limit concurrent sentencing to these two instances."

*Matthews* controls this issue of statutory construction and therefore we find that the statutes do not provide for concurrent sentencing with a sentence imposed by a court of another State.

Petitioner next contends that these statutes violate equal-protection in that there is no rational basis for distinguishing the class to which the concurrent sentencing provision is available (Federal prisoners) from the class to which it is not ("other State" prisoners). In our research we have been unable to discover any case in this or any other jurisdiction where this point has been raised.[3] Therefore, a review of

---

[2] Affirmed at 60 Ill.2d 123, 324 N.E.2d 396.

[3] We note that a recently enacted amendment to the corrections code, which took effect on July 1, 1974, *now* authorizes a court to order the Illinois sentence of a defendant who has a previous unexpired sentence imposed by a court in another State to run concurrently with the prior sentence in the other State. (Public law, 78-939, Sec. 5—8—1(f).)

the general principles governing the concept of equal-protection is in order.

▇▇ The equal-protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws. (*Thillens, Inc. v. Morey,* 11 Ill.2d 579, 144 N.E.2d 735.) Rather, the test of any legislative classification is one of reasonableness. (*Tometz v. Board of Education,* 39 Ill.2d 593, 237 N.E.2d 498.) Under the equal protection clause, legislative classifications are invalid only if they are arbitrary, unreasonable and unrelated to the public purpose sought to be attained, or if, although reasonably designed to promote the public interest, effect classifications which have no reasonable basis and are therefore arbitrary. *City of Chicago v. Vokes,* 28 Ill.2d 475, 193 N.E.2d 40.

In determining whether a statutory classification violates the equal protection clause, the presumption is that the classification is valid and the burden of showing invalidity is on the party challenging the classification. Too, there exists a broad discretion in the legislature in classifying. If any state of facts may reasonably by conceived which would justify the classification, it must be upheld. Yet, there exists a judicial obligation to insure that the power to classify has not been exercised arbitrarily and, if it has been the legislation cannot be justified under the label of classification. (*People v. McCabe,* 49 Ill.2d 338, 275 N.E.2d 407.) Finally, everyone situated in the same class must be treated similarly. *United States v. Fallon,* 407 F.2d 621 (7th Cir. 1969).

Petitioner argues that there is no rational difference between those prisoners sentenced by the Federal courts to Federal prisons and prisoners sentenced by other State courts to State prisons, at least with respect to the decision to allow an Illinois court to give a concurrent sentence. Respondents, on the other hand, argue "the distinction between federal and other-state confinement is rationally based upon legislative familiarity with, and respect for, the nationally uniform federal correctional system, as opposed to the lack of familiarity with the diverse correctional systems of other states" and that the "Illinois legislature cannot make detailed factual determinations concerning the diverse correctional systems of each of the fifty states." Apparently respondent is analogizing this case to the principle that the difficulty of inspection is a reasonable basis for classification. *City of Chicago v. Vokes.*

▇▇▇ Upon reviewing this issue and the underlying policy considerations involved, we feel that this classification has no reasonable basis and is therefore arbitrary. It has not been demonstrated, nor do we feel, can it be demonstrated that the ability or difficulty involved in gaining the necessary legislative familiarity with a sister State's correctional system

is any different than with gaining such familiarity with the Federal correctional system. Nor are the "detailed factual determinations" which must be made any different in either case. Therefore, by denying to defendants, who have been sentenced by other State courts, the possibility of concurrent sentencing while affording this possibility to defendants sentenced by Federal courts, a discrimination prohibited by the equal protection clause exists.

Therefore, we hold that since the trial court ordered a concurrent sentence, the court in the habeas corpus proceeding was correct in giving petitioner credit for the time served in the California correctional institution. The judgment granting the writ of habeas corpus is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.