JOHN V. COLLINS, Petitioner-Appellant, *v.* ALLYN R. SIELAFF, Director of the Department of Corrections, *et al.*, Respondents-Appellees.

First District (2nd Division)   No. 76-350

Opinion filed November 16, 1976.

James Geis and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Eugene J. Rudnik, Assistant State's Attorneys, of counsel), for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Petitioner, John V. Collins, was released on parole. He thereafter filed a petition pursuant to the Habeas Corpus Act (Ill. Rev. Stat. 1975, ch. 65, par. 1 *et seq.*) against, *inter alia*, the Director of the Department of Corrections, claiming that he was entitled to final discharge from his sentence imposed upon his plea of guilty to armed robbery. The circuit court denied relief. The issue presented is whether petitioner may seek relief provided by the aforesaid statute after he has been paroled.

The facts alleged in the habeas corpus petition are not in dispute. On July 31, 1973, petitioner pleaded guilty to an armed robbery which occurred prior to the effective date of the Unified Code of Corrections.

(Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*, effective January 1, 1973.) He elected to be sentenced under prior law and received a penitentiary sentence of 4 to 6 years. Several months later, he filed a motion for sentence credit for the time he was in the custody of Wisconsin authorities between June 16, 1971, to July 31, 1973, and also subject to an Illinois detainer. The trial court granted said motion, but the record discloses that the State's Attorney and the Department of Corrections took the position that the order was entered without jurisdiction, apparently due to the statutory application of sections 1—7(m) and (n) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m) and (n)) which allowed this time credit only for Federal prisoners. This statute was later modified to include such credit for both Federal and State prisoners (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a)); and the distinction between Federal and State prisoners contained in sections 1—7(m) and (n), as applied herein, was declared unconstitutional by this court in *People ex rel. O'Meara v. Bensinger* (1975), 27 Ill. App. 3d 210, 214, 326 N.E.2d 538. The State does not dispute that petitioner would be entitled to the time credit if he were presently incarcerated.

Thereafter, on October 8, 1975, petitioner sought relief pursuant to the Habeas Corpus Act. While he was then currently on parole which would result in his complete discharge in February 1977, petitioner claimed that application of the sentence credit would have permitted his outright release in November 1974. The circuit court in denying relief took the position that petitioner was not in custody within the meaning of this statute and he could not therefore challenge his present status as a parolee.

■■ Our Supreme Court has explained that admission of a prisoner to parole "does not, of course, entitle a prisoner to his discharge." Rather, the parolee "remains at all times in the custody" of the Department of Corrections until expiration of his sentence. (*People ex rel. Johnson v. Pate* (1970), 47 Ill. 2d 172, 174, 265 N.E.2d 144.) A mandatory condition of parole is that the parolee not violate the criminal law and other conditions may be imposed depending on the circumstances of each case. (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—7.) A failure to comply with the conditions during the parole term may result in the confinement of the parolee prior to a revocation hearing and possible recommitment if it is determined that a violation of parole occurred. Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—9.

■■ The *Johnson* decision and the statutory restrictions imposed on a parolee with the possible attendant consequences resulting from a violation thereof place petitioner within that category of persons who are "restrained of * * * [their] liberty" and who are entitled to "discharge" by a subsequent intervening act. (Ill. Rev. Stat. 1973, ch. 65, pars. 1 and

22(2).) We therefore hold that petitioner may maintain a habeas corpus action even though he has been granted parole under the circumstances of this case. This view has at least been impliedly recognized by the Fifth District Appellate Court in *People ex rel. Bassin v. Israel* (1975), 31 Ill. App. 3d 744, 335 N.E.2d 53. (See also *People ex rel. Gwartney v. Meyer* (1975), 33 Ill. App. 3d 705, 341 N.E.2d 732.) To subject an individual to the conditions of parole when that person is actually entitled to final release would be contrary to fundamental concepts of justice.

Accordingly, the judgment of the circuit court is reversed and the cause remanded with directions to grant petitioner the appropriate relief.

Reversed and remanded.

DOWNING and JIGANTI, JJ., concur.