RODERICK L. CHOISSER II, Plaintiff-Appellee, v. MICHAEL P. LANE, as Director of the Department of Corrections, Defendant-Appellant.

Third District   No. 3—88—0798

Opinion filed March 30, 1990.

STOUDER, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Karen Michels Caille and Kimary Lee, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Michael P. Lane, Director of the Department of Corrections for the State of Illinois, appeals from an order of the circuit court of Peoria County granting plaintiff Roderick L. Choisser II certain *mandamus* relief and ordering his release from custody of the Department of Corrections.

In 1976 Choisser pled guilty to charges of aggravated battery and unlawful use of weapons in the circuit court of Saline County. He was sentenced to concurrent sentences of one to three years and three to nine years, to be served in the Department of Corrections. On March 26, 1978, while on work release from the Department of Corrections in Peoria, Choisser escaped along with a fellow prisoner, Melvin Thomas.

The two men kidnapped a woman employee, took her car to Fulton County, where they raped her, and then drove with her to Tennessee, where they were finally arrested. Numerous charges were filed in several jurisdictions, and the two defendants entered guilty pleas and received the same sentences in every case.

In the United States District Court, Choisser and Thomas were each sentenced to 15 years in Federal prison for kidnapping and five years for transportation of a stolen vehicle. The two sentences were to be served concurrently.

In the circuit court of Fulton County, both were given a 10-year sentence for rape, with the sentences to be served in Federal prison concurrently with their Federal sentences and concurrently with any

existing State court sentence in effect. In the circuit court of Peoria County, defendants were each sentenced to 10 years for aggravated kidnapping and six years for escape, both sentences to be served in Federal prison. The kidnapping sentences were to run concurrently to all previous State and Federal sentences, and the escape sentence was to run consecutively to the Saline County sentences Choisser was serving at the time of his escape and the Knox County sentences Thomas was serving when he escaped.

When defendants had completed their sentences in Federal prison, the Department of Corrections sought to have them returned to an Illinois prison to complete their original sentences and the escape sentences which followed. In both cases, the circuit court of Peoria County ruled that those sentences were served in Federal prison, and in both cases the Department of Corrections appealed.

On appeal in *Thomas v. Greer* (1989), 187 Ill. App. 3d 119, 543 N.E.2d 339,[1] we held that the circuit court of Peoria County lacked authority to modify the original Knox County sentence and that the escape sentence was required to be served consecutive to the original sentence. Hence, Thomas could not and did not serve those sentences in Federal prison.

██ Choisser admits that he is raising the same issues of law as were presented in the case of *Thomas v. Greer*. Plainly, our prior decision is controlling in the case at bar. The order of the circuit court of Peoria County granting Choisser's *mandamus* petition is reversed.

██ In a petition for rehearing filed in this court, Choisser requested that this cause be remanded to the trial court for consideration of his request for post-conviction relief. Choisser argues that his guilty plea to the escape charge was based upon misrepresentations by trial defense counsel, the prosecutor and the Peoria trial judge that the sentence for escape would be concurrent to others, not consecutive. Consequently, he argues, his plea was not voluntary and may be withdrawn. (See *People v. Matthews* (1975), 60 Ill. 2d 123, 324 N.E.2d 396; *People v. Walston* (1967), 38 Ill. 2d 39, 230 N.E.2d 233.) Director Lane insists that Choisser waived this issue by not raising it on appeal until his petition for rehearing. The doctrine of waiver contained in Supreme Court Rules 341(e)(7) and (f) (113 Ill. 2d R. 341) has been held not to deprive a reviewing court of jurisdiction. (*People v. Montgomery* (1974), 18 Ill. App. 3d 828, 310 N.E.2d 760.) In our

---

[1]*Thomas v. Greer* was erroneously published in the Illinois Appellate Advance Sheets on October 18, 1989, prior to modification upon rehearing filed March 30, 1990.

discretion, we choose to remand this cause to the circuit court of Peoria County, consistent with *Thomas v. Greer*, for consideration of Choisser's request for post-conviction relief.

Reversed and remanded.

WOMBACHER, J., concurs.

JUSTICE STOUDER, dissenting:

I agree the facts are indistinguishable from those of *Thomas v. Greer* (1989), 187 Ill. App. 3d 119. Since I did not agree with the reasoning or result in the *Thomas* case, I dissent in this case for the same reasons set forth in my dissent in the *Thomas* case.