1144

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUSSELL G. DAVIS, Defendant-Appellant.

Fourth District    No. 4—02—1064

Opinion filed March 30, 2004.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten and Robert

J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In July 1996, pursuant to a plea agreement, defendant, Russell G. Davis, pleaded guilty to three counts of unlawful use of weapons (UUW) (720 ILCS 5/24—1(a)(4) (West 1996)). As the parties agreed, the trial court (1) sentenced defendant to concurrent terms of 3 years in prison on each count and (2) ordered those sentences to run consecutively to a 10-year federal sentence he was already serving.

In October 2002, defendant filed a *pro se* motion to modify his sentence, asserting that under section 5—8—1(e) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—8—1(e) (West 2002)), the trial court possessed discretion to (1) reconsider its order directing that his Illinois sentence be served consecutively to his federal sentence and (2) order, instead, that his sentences be served concurrently. In November 2002, the court denied defendant's motion, upon determining that it lacked subject-matter jurisdiction.

Defendant appeals, and we affirm.

## I. BACKGROUND

Defendant's October 2002 motion, entitled "*nunc pro tunc* motion for modification of sentence," asserted that in January 1995, he was arrested on the three UUW counts and released on a recognizance bond that same day. In February 1995, the federal government charged him with two felonies. Defendant pleaded guilty to the federal charges, and in January 1996, he was sentenced to 10 years in federal prison.

In July 1996, defendant appeared in the trial court and pleaded guilty to the three pending UUW counts, pursuant to an agreement that he serve 3 years in prison on each count, with those sentences to run concurrently to each other and consecutively to his 10-year federal sentence. The court accepted defendant's guilty plea and sentenced him in accordance with the parties' agreement.

Defendant did not file a posttrial motion regarding his guilty plea or sentence, nor did he pursue an appeal. However, in October 2002, defendant filed the *pro se* motion for modification of sentence that is the subject of this appeal. In that motion, defendant acknowledged that he had pleaded guilty six years earlier but claimed that the trial court retained jurisdiction to consider his motion under section 5—8—1(e) of the Unified Code. In November 2002, the court denied defendant's motion for lack of subject-matter jurisdiction. This appeal followed.

## II. DEFENDANT'S CLAIM THAT THE TRIAL COURT ERRED BY DENYING HIS MOTION TO MODIFY HIS SENTENCE

Defendant argues that the trial court erred by denying his motion to modify his sentence on the ground that it lacked subject-matter jurisdiction. Specifically, he contends that section 5—8—1(e) of the Unified Code (730 ILCS 5/5—8—1(e) (West 2002)) "appears to give jurisdiction to the trial court to enter a modification of state sentence at any time during the period in which the defendant is serving his federal or other state sentence." We disagree.

■ Section 5—8—1(e) of the Unified Code reads as follows:

"A defendant who has a previous and unexpired sentence of imprisonment imposed by another state or by any district court of the United States and who, after sentence for a crime in Illinois, must return to serve the unexpired prior sentence may have his sentence by the Illinois court ordered to be concurrent with the prior sentence in the other state. The court may order that any time served on the unexpired portion of the sentence in the other state, prior to his return to Illinois, shall be credited on his Illinois sentence. The other state shall be furnished with a copy of the order imposing sentence which shall provide that, when the offender is released from confinement of the other state, whether by parole or by termination of sentence, the offender shall be transferred by the [s]heriff of the committing county to the Illinois Department of Corrections. The court shall cause the Department of Corrections to be notified of such sentence at the time of commitment and to be provided with copies of all records regarding the sentence." 730 ILCS 5/5—8—1(e) (West 2002).

Contrary to defendant's contention, we conclude that this section provides an Illinois trial court, *at the time of sentencing*, with discretion to direct that some or all of the prison sentence it is imposing upon a defendant be served concurrently with a prior sentence imposed against the defendant by another state or federal district court. Nothing in section 5—8—1(e) indicates that the legislature intended to authorize trial courts, many years after a sentence was imposed, to revisit the issue of whether the Illinois sentence should be concurrent, rather than consecutive, to the previously imposed sentence.

The interpretation defendant suggests would be both extraordinary and inconsistent with Illinois law, which favors finality in judicial proceedings. Indeed, a trial court normally loses subject-matter jurisdiction 30 days after a sentence is imposed. *People v. Flowers*, 208 Ill. 2d 291, 303, 802 N.E.2d 1174, 1181 (2003). Were we to accept defendant's interpretation of section 5—8—1(e), no time limit would exist beyond which a trial court could not revisit the imposition of concurrent or consecutive sentencing. In this case, defendant

presented his motion to modify his sentence approximately 6½ years after being sentenced; under his argument, that motion could have been presented just as well 16 or 26 years after sentencing.

We find support for our holding in the legislative history of section 5—8—1 of the Unified Code (730 ILCS 5/5—8—1 (West 2002)). First, we note that subsection (e) was not part of section 5—8—1 when the Unified Code was enacted in 1973. That subsection was added when an issue arose as to whether an Illinois trial court had authority to direct that an Illinois sentence run concurrently with a sentence imposed by the court of another state. In *People v. Matthews*, 17 Ill. App. 3d 395, 398, 308 N.E.2d 230, 232 (1974), the First District Appellate Court held the answer to that question was no; instead, concurrent sentencing under the then-applicable statutory provision (a precursor to section 5—8—1 of the Unified Code) was authorized only with other Illinois sentences or with previously imposed federal sentences. See Ill. Rev. Stat. 1965, ch. 38, par. 1—7(m)(n). In so holding, the *Matthews* court wrote the following:

> "We note that a recently enacted amendment to the [Unified Code], to take effect July 1, 1974, *will* authorize a court to order the Illinois sentence of a defendant who has a previous unexpired sentence imposed by another state to run concurrently with the prior sentence in the other state. (Public Law, 78—939, sec. 5—8—1(f).)" (Emphasis in original.) *Matthews*, 17 Ill. App. 3d at 398 n.*, 308 N.E.2d at 233 n.*.

The subsection of the Unified Code that the *Matthews* court referred to, section 5—8—1(f), added by Public Act 78—939 (Pub. Act 78—939, § 5—8—1(f), eff. July 1, 1974 (1973 Ill. Laws 3023, 3040-41)), is the same subsection of the Unified Code at issue in this case—namely, section 5—8—1(e). (With other amendments to section 5—8—1 of the Unified Code over the years, the legislature has changed the identifying letter of this subsection, but its substance remains the same as it was when added to the Unified Code 30 years ago.)

We agree with the First District in *Matthews* that the legislature amended section 5—8—1 of the Unified Code to permit Illinois courts, at sentencing, to order a defendant's prison sentence to run concurrently with those already imposed upon the defendant by another state. As previously stated, nothing in amended section 5—8—1(e) extended the time in which a defendant may challenge the trial court's imposition of a sentence concurrent or consecutive to a preexisting sentence imposed by another state or federal court. Thus, here, the court *could have* ordered defendant's three-year prison sentences to run concurrently with his federal sentence, but, pursuant to the parties' plea agreement, it did not.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

APPLETON and MYERSCOUGH, JJ., concur.